**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::
**UTTAM KUMAR SAHA,**

                                **Petitioner,**

               **v.**                                      **9:09-CV-0856**
                                                               **(GLS)**

**ERIC HOLDER, Attorney General of the United**
**States; JANET NAPOLITANO, Secretary of the**
**Department of Homeland Security; THOMAS SNOW,**
**Director of the Executive Office for Immigration Review;**
**U.S. MARSHAL SERVICE; DAVID FAVRO, Clinton**
**County Sheriff,**

                                **Respondents.**
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::
**APPEARANCES:**                        **OF COUNSEL:**

**FOR THE PETITIONER:**

**REDLICH LAW FIRM**                    **WARREN REDLICH, Esq.**
**225 Washington Avenue Extn.**
**Suite 108**
**Albany, NY 12205**


**FOR THE FEDERAL GOVERNMENT**
**RESPONDENTS:**

**RICHARD S. HARTUNIAN**              **EDWARD P. GROGAN, Esq.**
**U.S. ATTORNEY**
**445 Broadway**
**218 James T. Foley U.S. Courthouse**
**Albany, NY 12207-2924**

**GARY L. SHARPE**
**UNITED STATES DISTRICT JUDGE**

## MEMORANDUM-DECISION AND ORDER

**I.**      **BACKGROUND**

      On July 29, 2009, counsel filed a petition seeking a writ of habeas corpus pursuant to 28

U.S.C § 2241 in this District on behalf of petitioner Uttam Kumar Saha. *See Saha v. Holder et al.*, No. 09-CV-0856, Dkt. No. 1 ("Petition").[1] In that pleading, Saha claims that on July 20, 2009, he was sentenced by this Court for violating 8 U.S.C. §1324(a)(1)(A)(iii). *See* Petition at ¶¶ 4-5.[2] At that proceeding, he was sentenced to "time served" by this Court, 08-CR-0393, Dkt. No. 28, and he claims in his petition that following that sentencing hearing, he intended to "take a bus back to Toronto" and return to his homeland of Canada. *See* Petition at ¶ 5. Saha claims that although he was informed on July 20, 2009 by agents of Immigrations and Customs Enforcement ("ICE") that after his sentencing hearing, Saha would be brought to the Canadian border and released into Canada, *id.* at ¶¶ 8-9, he was instead wrongfully placed in the Clinton County Jail where he remained through the date his habeas petition was filed with this Court. *Id.* at ¶ 10. By this application, Saha requests that this Court issue an order which directs that Saha be released from the Clinton County Jail and be permitted to return to Canada. *Id.* at ¶ 24.

On November 3, 2009, the Office of the United States Attorney, acting on respondent's behalf, filed an amended answer in opposition to Saha's petition. Dkt. No. 12. Attached to that submission is respondent's memorandum of law in opposition to Saha's petition. *See* Attachment to Dkt. No. 12 ("Resp. Mem."). In opposing the relief sought by Saha, the Government notes that on August 17, 2009, Saha appeared before an Immigration Judge and was thereafter ordered removed from the United States to Canada. *See* Dkt. No. 12-1 at p. 3. Pursuant to that removal

---

[1] Unless otherwise indicated, docket numbers referenced in this Memorandum-Decision and Order refer to the civil action brought by Saha.

[2] The docket of the Northern District of New York reflects that on March 5, 2009, Saha pleaded guilty before this Court to the crime of transporting illegal aliens, contrary to 8 U.S.C. § 1324. *See United States v. Saha*, No. 08-CR-0393 ("08-CR-0393"), Dkt. No. 21.

order, Saha was physically removed from the United States to Canada at the Peace Bridge near Buffalo, New York on September 4, 2009. *See*, *e.g.*, Resp. Mem. at p. 2.

On November 9, 2009, Saha's counsel filed a reply brief in further support of his petition, *see* Dkt. No. 15 ("Reply"), and on December 18, 2009 the respondent, pursuant to the Court's directive, filed a sur-reply in further opposition to the petition. Dkt. No. 16.

This matter is now currently before this Court for disposition.

## II.    DISCUSSION

As noted above, on August 17, 2009, Saha was removed from this country. Respondent claims that this matter is therefore moot, and that this action must be dismissed on that basis. Resp. Mem. at p. 5.

In his Reply, Saha's counsel contends that "[i]mmediately after sentencing, Mr. Saha was supposed to be driven to the Canadian border. Instead he was taken into custody." Reply at p. 1. Although counsel concedes that Saha has been removed to Canada since the commencement of this action, he argues that "the issues involved in this case remain" live. *Id.* In support of this argument, counsel contends that he is familiar with three other cases in the Northern District of New York where "similar problems" arose, and speculates that "there are many other cases like this." *Id.*

Article III, Section 2 of the United States Constitution limits the subject matter of the federal courts to cases that present a "case or controversy." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Baur v. Veneman*, 352 F.3d 625, 631-32 (2d Cir. 2003); *Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP*, 258 F.Supp.2d 157, 160 (E.D.N.Y. 2003). "A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."

*City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (internal quotations and citations omitted); *Lavin v. United States*, 299 F.3d 123, 128 (2d Cir. 2002); *Hartzog v. Rabideau*, No. 05-CV-0554, 2010 WL 2010948, at *2 (W.D.N.Y. May 18, 2010). In the case where a non-citizen has been removed, the litigant must demonstrate that his action has not been rendered moot by his deportation. *Arthur v. DHS/ICE*, No. 09-CV-6130, ___ F.Supp.2d ___, 2010 WL 1983075, at *3 (W.D.N.Y. May 14, 2010).

The relief sought by this action is Saha's removal from the United States to Canada. *See* Petition at ¶¶ 22-24 (Petitioner noting that he wishes to return to Canada and never again return to the United States). As noted above, he was removed from this country on September 4, 2009. *See*, *e.g.*, Resp. Mem. at p. 2.

"The hallmark of a moot case ... is that the relief sought ... is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983); *see also College Standard Magazine et al. v. Student Association of the State University of New York at Albany*, ___ F.3d. ___, ___, 2010 WL 2607145, at *2 (2d Cir. July 1, 2010) (federal proceeding is moot "where court cannot grant any effectual relief whatsoever") (internal quotation and citations omitted); *Arthur*, ___ F.Supp.2d at ___, 2010 WL 1983075, at *3 (citing *Martin-Trigona*); *Li v. Napolitano*, No. 08 CIV 7353, 2009 WL 2358621, at *3 (S.D.N.Y. July 30, 2009) (citing *Martin-Trigona*). When a case becomes moot, the federal court is deprived of subject matter jurisdiction over the action. *See Spencer*, 523 U.S. at 7; *Fox v. Board of Trustees of the State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994) (internal quotation and citation omitted); *Darboe v. Goodwill Industries of Greater NY & Northern NJ, Inc.*, 485 F.Supp.2d 221, 222 (E.D.N.Y. 2007) (where cases is moot, court no longer retains subject matter jurisdiction over action).

4

Since Saha has obtained precisely the relief he sought when he commenced this action – his removal from the United States – this Court agrees with the respondent that this action is moot and that his petition must therefore be dismissed on that basis. *See Arthur*, ___ F.Supp.2d at ___, 2010 WL 1983075, at *3; *Davies v. Goffman*, No. 09CIV 7224, 2010 WL 1644024, at *1 (S.D.N.Y. Apr. 23, 2010) (dismissing § 2241 petition challenging lawfulness of detention by ICE as moot in light of petitioner's deportation); *Leung v. Department of Homeland Sec., I.C.E.*, No. 09 CIV. 2528, 2009 WL 2956829, at *1 (S.D.N.Y. Sept. 15, 2009) (petition challenging lawfulness of detention by ICE and seeking deportation to China rendered moot by petitioner's removal to China); *Bahet v. Ashcroft*, No. 01CIV9334, 2002 WL 971712, at *1 (S.D.N.Y. Apr. 10, 2002) (case is moot, and the court is deprived of subject matter jurisdiction over action, where petitioner obtains relief sought in petition).

Finally, as to petitioner's argument in his Reply that this matter is not moot notwithstanding his removal from the United States, *see* Reply, this Court rejects such claim as without substance. Significantly, all of the cases upon which Saha relies in support of his claim that this action is not moot, *see* Reply at p. 1 (citing *Gerstein v. Pugh*, 420 U.S. 103 (1975); *Krimstock v. Kelly*, 306 F.3d 40 (2d Cir. 2002); and *Comer v. Cisneros*, 37 F.3d 775 (2d Cir. 1994), are readily distinguishable from the present matter in that those actions were all commenced by multiple litigants who sought certification of their federal proceeding as a class action from the district court. *See Gerstein*, 420 U.S. at 106-07 (noting that the litigants had filed a "class action against Dade County Florida officials"); *Krimstock*, 306 F.3d at 70-71 (remanding matter "to the district court to rule on plaintiffs' request to certify their class pursuant to Fed.R.Civ.P. 23"); and *Comer*, 37 F.3d at 779 ("plaintiffs, low-income minority individuals,

5

brought this class action on behalf of all former, current, and future minority residents of Buffalo, New York public housing projects"). In stark contrast to those cases, Saha is the only petitioner in the present action, and, as noted *ante*, he has already obtained the substantive relief he sought when he commenced this action – his removal from the United States to Canada. Therefore, the cases cited in his Reply plainly do not stand for the proposition that the present action has not been rendered moot notwithstanding Saha's deportation to Canada.[3]

In light of the foregoing, this Court denies and dismisses Saha's petition as moot.[4]

---

[3] Additionally, although counsel appears to suggest that petitioner has standing to assert claims on behalf of other purportedly aggrieved aliens, *see* Reply, counsel has wholly failed to explain how Saha would have such standing, particularly in light of the fact that this matter was brought solely on behalf of Saha and not on behalf of any other individual. *See* Petition. Where a petitioner does not have standing to assert claims in an action, the federal court does not possess subject matter jurisdiction over such proceeding. *See George v. Reisdorf Bros., Inc.*, ___ F.Supp.2d ___, 2010 WL 502784, at *3 (W.D.N.Y. Feb. 10, 2010); *Faber v. Metropolitan Life Ins. Co.*, No. 08CIV. 10588, 2009 WL 3415369, at *2 (S.D.N.Y. Oct. 23, 2009) ("if [the litigant] lacks standing under Article III of the U.S. Constitution, there is no subject matter jurisdiction and the Court must dismiss this case") (citations omitted). Of course, petitioner's ***counsel*** may properly file a new action on behalf of one or more individuals whom counsel believes are being wrongfully detained by ICE in the names of those other individuals.

[4] The Court would be remiss if it failed to note that ***nothing*** in the transcripts of the proceedings whereat Saha either pleaded guilty to the crime discussed *ante*, or was sentenced following his conviction, supports his current claim that "[i]mmediately after sentencing, Mr. Saha was supposed to be driven to the Canadian border." Reply at 1. *See* Transcript of Change of Plea of Uttam Kumar Saha (Dkt. No. 17) ("Plea Tr."); Transcript of Sentencing of Uttam Kumar Saha (08-CR-0393, Dkt. No. 31) ("Sentencing Tr."). Nor did Saha indicate in his Plea Agreement in the underlying criminal matter, or state during the course of either his guilty plea or sentencing, that he was knowingly, voluntarily and intelligently waiving his right to a removal hearing before an Immigration Judge. *See* Plea Agreement (08-CR-0393, Dkt. No. 22); Plea Tr.; Sentencing Tr. Without such an express waiver, his removal from this country could not have been effectuated without a hearing before an Immigration Judge. *Orantes-Hernandez v. Smith*, 541 F. Supp. 351, 373 n.27 (C.D. Cal. 1982) ("Voluntary departure in lieu of a deportation hearing is ... permissible but only when the alien voluntarily, knowingly, and intelligently waives the right to a hearing") (citations omitted), *aff'd*, *Orantes-Hernandez v. Thornburgh*, 919 F.2d 549 (9th Cir. 1990).

**THEREFORE**, after having reviewed the documents submitted by the parties in conjunction with this action, the applicable law, and for the reasons discussed herein, it is hereby

**ORDERED**, that Saha's petition is **DENIED** and **DISMISSED as MOOT** for the above stated reasons, and it is further

**ORDERED**, that the Clerk of Court serve a copy of this Memorandum-Decision and Order upon the parties to this action in accordance with this District's Local Rules, and it is further

**ORDERED**, that all records which were not filed in this action be returned directly to the party that provided such records at the conclusion of these proceedings (including any appeal of this Memorandum-Decision and Order filed by any party).

**IT IS SO ORDERED.**

July 12, 2010

_____
United States District Court Judge

---

As noted *ante*, an Immigration Judge ordered Saha's removal from this country on August 17, 2009. *See* Dkt. No. 12-1 at p. 3. Under 8 U.S.C. § 1231(a), "the Attorney General *shall* detain the alien" for a period of up to 90 days after an alien has been ordered removed from the country. *See* 8 U.S.C. § 1231(a)(1), (2) (emphasis added). Saha was removed from the United States less than one month after the Immigration Judge's order of removal. *See*, *e.g.*, Resp. Mem. at p. 2. Therefore, even if this Court had retained subject matter jurisdiction over this action, it is clear that any claim that the detention of Saha that forms the basis of the present federal habeas corpus action was improper is also plainly without substance.